1  CRAIG H. MISSAKIAN (CABN 125202)
   United States Attorney
2
   MARTHA BOERSCH (CABN 126569)
3  Chief, Criminal Division

4  ABRAHAM FINE (CABN 292647)
   BENJAMIN K. KLEINMAN (NYBN 5358189)
5  Assistant United States Attorneys

6      1301 Clay Street, Suite 340S
       Oakland, California 94612
7      Telephone: (510) 637-3680
       FAX: (510) 637-3724
8      Abraham.fine@usdoj.gov
       Benjamin.kleinman2@usdoj.gov
9

10 Attorneys for United States of America

11                    UNITED STATES DISTRICT COURT

12                 NORTHERN DISTRICT OF CALIFORNIA

13                    SAN FRANCISCO DIVISION

14
   UNITED STATES OF AMERICA,          )  CASE NO. 3:21-CR-00374-MMC
15                                     )
           Plaintiff,                  )  **UNITED STATES' OPPOSITION TO**
16                                     )  **DEFENDANT'S MOTION FOR RULE 16**
       v.                              )  **DISCOVERY VIOLATIONS AND OPPOSITION**
17                                     )  **TO ANY TRIAL CONTINUANCE**
   JOSEPH HUFFAKER,                    )
18                                     )
           Defendant.                  )
19 _____    )

20

21

22

23

24

25

26

27

28

                                1

1

**INTRODUCTION**

2      Leading up to this trial, the government has been meeting with witnesses to prepare for their

3  testimony.  After the government met with these witnesses, the FBI prepared short reports setting forth

4  the date of the meeting and any new information the witness provided.  The government then promptly

5  produced those reports to defense counsel.  The government does this in essentially every trial it

6  conducts.  The government cannot conduct trials without meeting with witnesses beforehand and the

7  government produces reports of those meetings to defense counsel as soon as they are finalized.

8      Now, three days before jury selection, Defendant Joseph Huffaker seeks to sanction the

9  government for following this typical practice.  The defense also suggests that a continuance may be

10  warranted because of the government's alleged violations.  The defense's motion is meritless and the

11  government adamantly opposes any continuance in this case.  *First*, the government has not committed

12  any Rule 16 discovery violation because government memoranda summarizing witness interviews do

13  not fall under Rule 16.  To the extent they are discoverable, they are *Jencks* material, and the Jencks Act

14  requires only that the government disclose *Jencks* material after the witness has testified on direct

15  examination at trial.  *See* 18 U.S.C. § 3500.  Here, even though not required, the government provided

16  the interview memoranda to the defense as soon as they were finalized, typically within a week of the

17  interview.  The government has done everything it could to provide this information to the defense in a

18  timely manner.

19      *Second*, nothing the government produced in these memoranda warrants a continuance of the

20  trial.  Defendant's only claim of new information relates to a supposed discrepancy between a William

21  Timmins interview memoranda that was produced in May and a recently-produced Jacy Tatum

22  interview memoranda.  Specifically, when the government met with Timmins in May, he stated that he

23  did not remember the specific date of a meeting with Tatum and Huffaker, but phone records indicated it

24  could have been December 4, 2017, or December 6, 2017.  When the government recently met with

25  Tatum, he was shown phone records and stated that he thought the date of the meeting between

26  Timmins, Huffaker, and himself was on December 6, 2017, because phone records showed several calls

27  between Timmins and himself on that date.  To the extent there is any discrepancy between Timmins'

28  and Tatum's memories of events, the defense can cross examine them on that discrepancy.  But that is

1  not a basis for any sanction or continuance.[1]

2        We are currently three days from jury selection, witnesses have made arrangements to come to

3  court, and this case is ready for trial.  Accordingly, the government respectfully requests that the Court

4  deny the defense's last-ditch effort at sanctions or a continuance.

5  **ARGUMENT**

6  **I.      The government has not committed any Rule 16 discovery violation.**

7        As the government does in every trial, it has been meeting with witnesses to prepare their

8  testimony.  Over the past several weeks, the government has promptly produced to the defense

9  memoranda of these interviews setting forth the date of the interview, who was there, and any new

10  information that the witness provided.  Fine Decl. ¶ 3.  The government is permitted to meet with

11  witnesses to prepare for trial and it has been disclosing to the defense reports of those meetings shortly

12  after they have taken place.

13        Even if the government had somehow been late in disclosing these interview memoranda (which

14  it has not), that would not constitute a Rule 16 violation.  Rule 16 sets forth several categories of

15  materials the government must produce to the defense and government memoranda of witness

16  interviews do not fall within those categories.  To the extent government memoranda of witness

17  interviews are discoverable at all, they could arguably be considered *Jencks* material, and the Jencks Act

18  requires only that the government disclose *Jencks* material after the witness has testified on direct

19  examination at trial.[2]  *See* 18 U.S.C. § 3500.  As such, the government's production of interview

20  memoranda has violated neither Rule 16 nor the Jencks Act.

21  **II.     Nothing the government produced warrants a continuance of the trial.**

22        As set forth above, the government interviewed William Timmins on May 15, 2025, and

23  produced that interview memorandum to the defense on May 27, 2025.  Fine Decl. ¶ 4.  During the

24  _____

25  [1] The defense has also filed this discovery motion without first meeting and conferring with the government, in violation of the Court's pretrial order.  *See* Dkt. No. 272.  That is another basis for denying the defense's motion.

26  [2] The Supreme Court's decision in *Palermo v. United States*, 360 U.S. 343, 349 (1959) suggests

27  that FBI interview memoranda are not discoverable under the Jencks Act because they are not statements of the witness within the meaning of the statute.  Of course, the FBI interview memoranda

28  would be discoverable under the Jencks Act as a statement of the agent, if the agent who prepared it is called as a witness to testify regarding the subject matter contained in the report.

3

1  interview, Timmins stated that he did not recall the date of a specific meeting between, Huffaker, Tatum,

2  and Timmins, but that it could have been on December 4, 2017, because Tatum had a call to Timmins

3  originating from Cloverdale on that date.  December 6, 2017, was also raised as a potential date of the

4  meeting given phone records of calls between Tatum and Timmins on that date.  The interview

5  memorandum stated as follows regarding a meeting between Huffaker, Timmins, and Tatum:

6           [Agent note: at this time Timmins was shown a copy of telephone records
             showing calls between Tatum and Timmins, Bates labeled US 001699
7           (document 1). Timmins was asked about a call on December 4, 2017.]

8           Timmins did not remember specific dates of calls, but if the call originated
             from Cloverdale, CA, that was likely when Timmins met Tatum and
9           Huffaker on the side of the highway to pick up cannabis, as previously
             mentioned.

10                                        *    *    *

11           Timmins did not remember the specific time of day when they met at
12           Commiski Road. Timmins remembered it was still light outside when they
             met and moved the cannabis to Timmins car, but it was probably later in
13           the day.

14           [Agent note: at this time Timmins was shown document 1. Timmins was
             asked about records showing telephone calls between himself and Tatum
15           on December 6. 2017, originating in Hopland, CA.]

16           Timmins had a farm in Hopland, CA where Timmins would hunt and fish.
             The phone calls might have been related to hanging out at the farm
17           hunting and fishing.

18  *Id*.

19       On June 20, 2025, the government met with Tatum.  Fine Decl. ¶ 5.  The government produced

20  to the defense the memorandum describing that meeting on June 27, 2025.  *Id*.  During that interview,

21  Tatum stated that he thought the meeting between himself, Timmins, and Huffaker likely took place on

22  December 6, 2017, as there were several calls between Tatum and Timmins on that date.  The interview

23  memorandum stated as follows regarding a meeting between Huffaker, Timmins, and Tatum:

24           [Agent note: Tatum was shown exhibit 169, Phone Log.]

25           On December 6, 2017, Tatum and Huffaker went out to the Hopland, CA
             and Cloverdale, CA area to extort marijuana from drivers and provide the
26           marijuana to Billy Timmins (Timmins). After seizing a large quantity of
             marijuana, Tatum, while in the presence of Huffaker, called Timmins to
27           meet them and take the marijuana, to allow Tatum and Huffaker to
             continue stealing marijuana. On that day Tatum received several calls
28           from Timmins because Timmins was finding it difficult to locate Tatum

and Huffaker. Tatum and Huffaker finally met with Timmins near
Kominsky Road (phonetic).

*Id*.

The government disputes that there is any discrepancy between Timmins' and Tatum's recollection of the events.  Timmins did not recall the specific date of the meeting but speculated that it could have been December 4, 2017, because there was a call from Cloverdale that date.  Timmins was also shown phone records showing calls between himself and Tatum on December 6, 2017, originating from the same Cloverdale/Hopland area.  Tatum stated he believes the meeting took place on December 6, 2017, because he and Timmins had a series of calls on that date.  Even if this was somehow a discrepancy, which it is not, the defense is free to cross examine Tatum and Timmins on this topic.  Nothing about these interview memoranda warrants any sanction on the government or a continuance of the trial.

Finally, in his declaration, defense counsel states that he may suffer prejudice because he needs an expert to examine the December 4, 2017, and December 6, 2017, phone records.  Dkt. No. 310 at ¶ 7.  Defense counsel then states his expert is currently on vacation and does not return until later this week (still before trial starts).  *Id*.  ***But Defendant's expert has already examined the December 4, 2017, and December 6, 2017, phone records and written a report about the phone records on those specific dates***.  Specifically, on June 16, 2025, defense counsel served the expert report of Michael Easter on the government.  Fine Decl. Ex. 1.  That report had two pages examining phone records on December 4, 2017, and two pages examining phone records on December 6, 2017, because both of those dates were discussed as possible dates for the meeting during the May 2025 interview with Timmins.  As such, defense counsel cannot credibly assert that they were somehow prejudiced by the Tatum memorandum discussing the December 6, 2017, date because phone records related to that date were already described to the defense in the Timmins interview memorandum and Defendant's expert already analyzed phone records from that date.

## CONCLUSION

The government has not committed any discovery violation and Defendant has provided no reason to continue the trial.  Accordingly, the government respectfully requests that the Court deny

5

1 Defendant's motion for sanctions and maintain the trial schedule as currently set.

2

3  DATED:  June 30, 2025                                    Respectfully submitted,

4                                                                          CRAIG H. MISSAKIAN
                                                                            United States Attorney
5

6                                                                             __/s/_____
                                                                            ABRAHAM FINE
7                                                                          BENJAMIN K. KLEINMAN
                                                                            Assistant United States Attorneys
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28